UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATRINE ZORN, ERIN DALEY,
WALTER POOLEY, KAREN GILBERT,
JERRY JORDAN, MARK STEIN and
ROSELYN MARTINEZ-ECK,

    Plaintiffs,

v.                                             Case No: 6:16-cv-1-Orl-41TBS

WILLIAM MCNEIL and CITY OF
CASSELBERRY,

    Defendants.

## ORDER

    This case comes before the Court without oral argument on Defendant William McNeil's Motion to Compel Better Rule 26 Disclosures (Doc. 37), and Plaintiffs' response in opposition to the motion (Doc. 44).

    Defendant William McNeil moves the Court to compel Plaintiffs to provide more detailed damages information than is contained in their second amended initial Fed. R. Civ. P. 26(a)(1)(A) disclosures (Doc. 44-4). Subject to certain exceptions, none of which apply here, "a party must, without awaiting a discovery request, provide to the other parties … a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

All of the Plaintiffs have listed compensatory damages in their disclosures, and six of the seven have also included separate claims for back pay and front pay (Doc. 44-4 at 6-7). Defendant argues that Plaintiffs' references to compensatory damages are "too vague." (Doc. 37 at 3-4). He also complains that the differentiation of back pay and front pay from compensatory damages makes those disclosures confusing (Id.). Plaintiffs say they have made every effort to satisfy Defendant and that they are at a loss to understand what additional information he requires (Doc. 44 at 2). They also assert that they gave Defendant more detailed information about their damages during their depositions (Id., at 5-10).

It appears from Plaintiffs' response to the motion that their compensatory damages are for emotional and mental stress, mental health counseling, the cost of medication and, in the case of Plaintiff Karen Gilbert, physical harm (Id.). Plaintiffs need to allocate the compensatory damages they are claiming to these and any other applicable items of damage. As one court has observed:

> If Plaintiff is to be permitted to testify to his intangible emotional harm, as he should be, he surely can place a dollar value on that from his own perspective. He is in a better position to do this than the jury. If estimates are made which might be subject to revision with expert opinion, that is entirely permissible, but the requirements of Fed. R. Civ. P. 26(a)(1)(C) cannot be avoided if the opposing party insists on compliance.

Dixon v. Bankhead, No. 4:00-cv-344-WS, 2000 WL 33175440, at *1 (N.D. Fla. Dec. 20, 2000). "[T]he plaintiff should be able to estimate damages in good faith and articulate the methods of calculations of his actual damages sought, which included 'pain, suffering, worry, fear, and embarrassment.'" Johnson v. R.J. Reynolds Tobacco Co., No. 2:12-cv-618-FtM-29SPC, 2013 WL 1899737, at * 1 (M.D. Fla. May 7, 2013). Defendant is

entitled to this information in order to prepare for settlement discussions, mediation, and the trial.

The Court acknowledges decisions holding that compensatory damages for emotional distress many not be susceptible to computation. Williams v. Trader Publishing Co., 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); Gray v. Fla. Dept. of Juvenile Justice, No. 3:06-cv-J-20MCR, 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007); Sandoval v. American Building Maintenance Industries, Inc., 267 F.R.D. 257, 282 (D. Minn. 2007). But these are cases in which the plaintiff did not intend to suggest a specific amount for damages for emotional distress to the jury. Id.; Avrett v. Festival Fun Parks, LLC, No. 15-80526-CIV-MIDDLEBROOKS/BRANNON, 2016 WL 193805, at *3 (S.D. Fla. Jan. 15, 2016). Here, Plaintiffs have already quantified the total amount of their compensatory damages and breaking them down into their respective components should not be difficult. It should also not be difficult for Plaintiffs to explain how they arrived at these amounts, whether objectively or subjectively.

Plaintiffs decision to separate their back pay and front pay claims from their compensatory damages is appropriate. Claims for back and front pay are forms of equitable relief. Brown v. Cunningham Lindsey U.S., Inc., No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *15 (M.D. Fla. May 11, 2005); Robinson v. Jacksonville Shipyards, Inc., No. 86-927-Civ-J-12, 118 F.R.D. 525, 531 (M.D. Fla. Jan. 19, 1988) ("A backpay award is not compensatory damages for harm suffered; it is a 'make whole' equitable remedy for discriminatory practices.").

Now, Defendant's motion is **GRANTED** to the extent that within 14 days from the rendition of this Order, Plaintiffs shall provide their further amended Rule 26(a)(1)(A)(iii) disclosures in which they shall allocate their compensatory damages by item or type of damage, and furnish the rationale underlying their allocations.   In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record